No. D–222. IN RE DISBARMENT OF STRICKLAND. It is ordered that the order of this Court entered March 9, 1981 [450 U. S. 976], suspending Maurice R. Strickland from the further practice of law in this Court, is vacated and that the rule to show cause issued March 9, 1981, is discharged.

CHIEF JUSTICE BURGER, with whom JUSTICE REHNQUIST joins, dissenting.

Maurice R. Strickland was admitted to the practice of law in New Jersey in 1960, and admitted to practice before this Court in 1966. He has not practiced in this Court.

Prior to November 15, 1975, Strickland misappropriated money from two clients. As a result of his actions, complaints were filed against him with the Essex County Ethics Committee. After a plenary hearing before the Committee, the Supreme Court of New Jersey entered an order suspending Strickland from the practice for one year or until further order of the court. The suspension remained in effect until February 1981, and was not reported to this Court until then either by Strickland or that court.

Strickland continued to meet with members of the Committee, admitted his misappropriations, and arranged to repay the funds he had misappropriated. The funds were repaid by February 1978. A formal hearing was conducted by the Committee on April 30, 1980. The Committee recommended leniency. A hearing then was held by the Disciplinary Review Board of the Supreme Court of New Jersey which recommended that Strickland be suspended for five years commencing November 15, 1975. On February 3, 1981, the Supreme Court of New Jersey adopted the recommendation of the Disciplinary Review Board. Strickland immediately applied to the Supreme Court of New Jersey for reinstatement. He was reinstated on March 4, 1981.

On February 10, 1981, this Court, for the first time, learned of Strickland's suspension. On March 9, pursuant to Supreme Court Rule 8, Strickland was suspended from practice before this Court and ordered to show cause why his name should not be stricken from our rolls.

In response to the order to show cause, Strickland filed a petition for reinstatement. Strickland states that he has not practiced law since November 1975, has admitted his defalcations, and has made restitution. Since July 1977, he has been employed an as investigator and administrative analyst by the Essex County Welfare Board. Having been reinstated to the practice of law by the Supreme Court of New Jersey, Strickland intends to re-enter private practice specializing in the area of welfare law. As mitigating factors, Strickland states that he joined Alcoholics Anonymous in 1974, and has abstained from alcohol since then. He asserts he is active in his church and in the parents-teachers association.

Supreme Court Rule 8 provides that if a member of the Court's Bar is suspended from practice in any court of record, the attorney shall be suspended forthwith from practice before the Court and ordered to show cause why he should not be disbarred. The Rule's import is that absent exceptional

circumstances, an attorney suspended by a state will be disbarred by this Court.

The policy expressed in Rule 8 is consistent with the role this Court should play in monitoring professional misconduct. In light of the inadequacies that pervade this country's attorney discipline systems,* membership in the Bar of the country's highest Court should remain a privilege and a responsibility. Thus to be admitted to this Court's Bar, an applicant must show not only that he has been admitted to the practice of law for three years, but also that he "appears . . . to be of good moral and professional character." This Court's Rule 5.1.

Strickland, having admittedly violated his oath and having been suspended from the practice of law for five years, seeks to remain a member of this Bar simply because his suspension has run its course and he has been reinstated to the practice of law in New Jersey. In my opinion, a 5-year suspension is a *per se* basis for disbarment by this Court. With deference to the Supreme Court of New Jersey's decisions, this Court is not, and must never be, bound by a state court's decision as it relates to our decision based on a record such as we find in this case. A state court, when disciplining an attorney, deals directly with the attorney's livelihood. Membership in this Court's Bar is not shown to be critical to Strickland's livelihood except as he may seek to use it as "evidence" that his misconduct somehow has been excused by this Court or that he has been "vindicated" by this Court. The quality of this Court's Bar and the public's confidence in the Bar is compromised by the retention, as well as the admission, of attorneys found guilty of unethical professional conduct.

---

*See the Report of the American Bar Association Special Committee on Evaluation of Disciplinary Enforcement, entitled Problems and Recommendations in Disciplinary Enforcement (1970, chaired by Justice Tom C. Clark).

Retention of Strickland as a member of this Court's Bar reflects unfairly on all attorneys who are members in good standing. The procedural novelty of the New Jersey disciplinary proceedings should not excuse Strickland from proving that he is worthy of admission to this Court's Bar, which on this record he has not demonstrated.

The hard fact remains that when Strickland last practiced law in New Jersey, he violated his oath of office by embezzling clients' funds; accordingly, he should be stricken from the rolls of this Court.