[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue before this court is whether and under what circumstances Practice Book Section 2-39 requires or permits an evidentiary hearing to establish the truth of the findings contained in the disciplinary order of another jurisdiction, when commensurate discipline is sought in this state.
Practice Book § 2-39 neither requires nor permits such an evidentiary hearing under the facts of this case, although there are limited circumstances (not present in this case) in which a review of another state's proceedings might aid a court in CT Page 1873 determining fair commensurate discipline.
The instant proceeding is brought under Practice Book §2-39, which provides in pertinent part:
 (b) Upon receipt of a certified copy of the order [of discipline entered in another jurisdiction], the court shall forthwith cause to be served upon the [respondent] lawyer . . . an order directing the lawyer to file . . . an answer admitting or denying the action in the other jurisdiction and setting forth, if any, reasons why commensurate action in this state would be unwarranted. Such certified copy will constitute prima facie evidence that the order of the other jurisdiction entered and that the findings contained therein are true.
 (c) . . . After hearing, the court shall take commensurate action unless it is found that any defense set forth in the answer has been established by clear and convincing evidence.
The procedural context in this case is that the disciplinary order of the U.S. Patent and Trademark Office (hereafter "PTO") and respondent Klein's Answer have been filed. Respondent's answer has denied every part of Petitioner's allegation numbered "4"[1] in the Application for Reciprocal Discipline Pursuant to Practice Book § 2-39. Petitioner's Exhibits C and D (the Order of October 19, 1987 of the PTO, and the PTO Notice of Suspension of February 28, 1989, respectively) have been admitted into evidence and show the accuracy of Petitioner's allegation No. 4, except that the effective date of respondent Klein's suspension was March 27, 1989. This court also has the text and case history of Klein v. Peterson, 866 F.2d 412 (Fed. Cir. 1989), showing that Respondent's appeals of the October 19, 1987 order have been exhausted and denied at every level of the federal appellate system, including the U.S. Supreme Court. Thus, the court knows that Respondent's discipline was a suspension arising from the October 19, 1987 order, and that Respondent has had an opportunity for appellate review of each and every issue he now raises as to the soundness and validity of that order.
This court has reviewed the cases including the leading case of Selling v. Radford, 243 U.S. 46 (1917), in which a Michigan attorney had been disbarred in state court for misconduct, with appeals exhausted to Michigan's highest court. The attorney's defense to commensurate discipline was characterized by the Court as an attempt that the reciprocal enforcement action "be CT Page 1874 converted into a trial of the courts of that state . . ."243 U.S. at 50. The Court found that it had no authority to re-examine or reverse, as a reviewing court, the action of the Supreme Court of Michigan in disbarring a state bar member for personal and professional misconduct. In consequence, the Court held that, while the Michigan order was not binding on the Court in a technical sense,
 the necessary effect of the action of the Supreme Court of Michigan, as long as it stands unreversed, unless for some reason it is found that it ought not be accepted or given effect to, has been to absolutely destroy the condition of fair, private and professional character, without the possession of which there could be no possible right to continue to be a member of this Bar.
Id. The court elaborated on the approach to be taken:
 [W]e should recognize . . . the judgment of the state court unless, from an intrinsic consideration of the state record, one or all of the following conditions should appear: 1, That the state procedure, from want of notice or opportunity to be heard, was wanting in due process; 2, that there was such an infirmity of proof as to facts found . . . as to give rise to a clear conviction on our part that we could not, consistently with our duty, accept as final the conclusion on that subject; or 3, that some other grave reason existed . . . which rests upon us not to disbar . . . under the principles of right and justice . . .
243 U.S. at 51. The Court gave the respondent an opportunity, "confining himself to the propositions, stated, to point out any ground that would prevent the Supreme Court from giving effect to the conclusions established by the Michigan Supreme Court." Id.
Federal courts continue to apply the holding of `Selling,supra. Thus, the Ninth Circuit refused to sit in review of a California Supreme Court disciplinary judgment by reviewing de novo the state's findings of fact issues raised in an "unsupported, conclusory version of the facts" by the respondent attorney. It was the opinion of Justice Frankfurter in Theard v.United States, 354 U.S. 278 (1957), that, with Sellings still the law, recognition must be accorded a state disciplinary judgment and thus he held that the court was "not . . . sitting in review of the Louisiana judgment." 354 U.S. at 281.
CT Page 1875 The Sellings approach has been incorporated into court rules of the various federal jurisdictions.
The Rule is that absent exceptional circumstances, an attorney suspended by a state will be disbarred by this Court. Inre Strickland, 453 U.S. 907, 101 S.Ct. 3138, 3139,69 L.Ed 2d 991 (1981).
In this context, in which courts consistently refuse to retry attorney misconduct already adjudicated in another jurisdiction, it would be a strained reading of P.B. § 2-39 to hold that "prima facie" evidence of the other jurisdiction's findings must mean a new trial on facts occurring (or a record developed) in a jurisdiction that could be thousands of miles away, merely upon a respondent attorney's raising the issue. Clearly, it is incumbent on the respondent to specify in a nonconclusory way exactly what is wrong with the proceedings in the other jurisdiction. This has not been done here. Additionally, where all appeals have been exhausted in the other jurisdiction, a Connecticut court must respect those findings.
Respondent Klein has not offered any defense in his Answer(s)) that deals with anything other than the findings already exhaustively reviewed by the federal system. He has had opportunity in the past 12 years to raise issues regarding the original findings and his continuing lack of fitness to practice in the Patent and Trademark Office. He committed wrongdoing which was adjudged to be deliberate, and which also constituted neglect of clients' cases. Accordingly, this court will proceed without an evidentiary hearing or de novo review of the PTO findings.
KARAZIN, J.