81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Joseph J. O'LEARY, Petitioner.
 No. 94-3463.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1996.
 
 1
 Before: MARTIN and MOORE, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Joseph J. O'Leary, proceeding pro se, appeals a district court order permanently barring him from the right to practice law before that court. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking reinstatement in the federal bar, O'Leary argues that the district court had no basis to disbar him. The district court ordered O'Leary disbarred pursuant to its Local Rule 1:5.2. O'Leary filed a timely appeal from this administrative order. On appeal, O'Leary presents the sole issue of whether the Ohio courts had jurisdiction to "impose contempt and/or disbarment after the case involved ... [was] transferred and filed in the federal court ... and the attorney removed by the probate court...."
 
 
 4
 O'Leary cannot, through this appeal, collaterally attack the Ohio Supreme Court's decision to disbar O'Leary from practicing law in that state. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Ginger v. Circuit Court for Wayne County, 372 F.2d 621, 625 (6th Cir.) (per curiam), cert. denied, 387 U.S. 935 (1967). Therefore, O'Leary cannot now invoke the jurisdiction of the federal courts to review the Ohio state court's decision to disbar O'Leary in 1993, by couching his claim for relief as an appeal from the district court's determination to disbar O'Leary from practicing in that federal court. Moreover, this court would note that federal disciplinary standards do not preempt states from disciplining attorneys for improper acts performed in the federal courts. Berger v. Cuyahoga County Bar Ass'n, 983 F.2d 718, 724 (6th Cir.), cert. denied, 113 S.Ct. 2416 (1993).
 
 
 5
 O'Leary may appeal the district court's decision to disbar him, however. Although admission to practice before a federal court is derivative from membership in a state bar, disbarment by the state does not result in automatic disbarment by the federal court. In re Ruffalo, 390 U.S. 544, 547 (1968). Nevertheless, O'Leary has not shown that the district court's decision was in error by establishing that: 1) the state proceeding was wanting in due process; (2) the proof in the state proceeding was so infirm "as to give rise to a clear conviction on our part that we could not consistently with our duty, accept" the state court's conclusion as final; or (3) our acceptance of the state's decision would, for some other grave reason, conflict with the duty which rests upon the federal courts not to disbar except upon the conviction that, under the principles of right and justice, the court is constrained to do so. In re Dawson, 609 F.2d 1139, 1142 (5th Cir.1980) (quoting Selling v. Radford, 243 U.S. 46, 51 (1917)). O'Leary was afforded the full measure of due process before being disbarred and the district court's order was based on uncontroverted facts supporting its decision to disbar him for unprofessional conduct. Therefore, the district court's decision will not be disturbed.
 
 
 6
 Accordingly, the district court's order disbarring O'Leary is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation