NOT FOR PUBLICATION
File Name: 05a0112n.06
Filed: February 14, 2005

No. 04-3021

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

IN RE: E. BAUMGARTNER,                    ON APPEAL FROM THE
                                          UNITED STATES DISTRICT
                                          COURT FOR THE NORTHERN
            Petitioner - Petitioner.      DISTRICT OF OHIO

_____/

BEFORE:  KENNEDY, SUHRHEINRICH, and ROGERS, Circuit Judges.

        **PER CURIAM.**  Petitioner Elsebeth Baumgartner, a.k.a. Elsebeth Martha Baumgartner,

("Petitioner"), appeals the final order of the district court permanently disbarring her from the

practice of law before the United States District Court for the Northern District of Ohio.

**I.**

        Petitioner was admitted to the practice of law in Ohio in 1995.  *Disciplinary Counsel v.*

*Baumgartner*, 796 N.E. 2d 495, 497 (Ohio 2003) (per curiam).  She was subsequently admitted to

practice before the federal district court for the Northern District of Ohio.  In October of 2001, the

Disciplinary Counsel of Ohio recommended that Petitioner be disbarred for false statements made

in pending lawsuits, criminal cases, and letters to public officials.[1]  On February 1, 2002, the

_____

        [1]Petitioner has made numerous allegations of fraud by public officials.  For example, on June 15, 2001, Petitioner claims she met with agents of the Office of the Inspector General of the United States in an unsuccessful attempt to obtain a probe of Ohio Chief Justice Thomas Moyer and Ohio Attorney General Betty Montgomery for alleged racketeering activity and manipulation of court cases and special prosecutor appointments in Ohio.  In December of 2001, Petitioner filed a motion on behalf of one of her pro bono clients, requesting that a special prosecutor investigate "case fixing," rape, suborning perjury in a murder trial, and fabrication of evidence in Erie County, Ohio, a motion she claims the court ignored.

Supreme Court of Ohio suspended Petitioner's license to practice law. *Disciplinary Counsel v. Baumgartner*, 762 N.E. 2d 366 (Ohio 2002).

On March 11, 2002, the United States District Court for the Northern District of Ohio asked Petitioner to show cause why she should not be similarly disbarred in federal court. On March 19, 2002, the district court suspended Petitioner.

On September 24, 2003, Petitioner was permanently disbarred from the practice of law by the Ohio Supreme Court.[2] *Baumgartner*, 796 N.E.2d at 506. That Court cited numerous instances of professional misconduct, including manipulating the legal system to harass and intimidate private individuals and public officials, publicly accusing dozens of people of criminal wrongdoing without adequate proof, and repeatedly harming her clients' interests by using them to further her allegations of conspiracy.[3] *Id.* at 499-500, 503.

On December 1, 2003, the United States District Court for the Northern District of Ohio

---

[2]On August 19, 2004, Petitioner was found in contempt for failure to comply with the Ohio Supreme Court's order to surrender her certificate of admission, file an affidavit of compliance on or before October 24, 2003, and timely pay Board costs. *Disciplinary Counsel v. Baumgartner*, 103 Ohio St. 1416, 813 N.E. 2d 899 (Table) (2004).

[3]On July 26, 2002, Petitioner was convicted in the Ottawa County Municipal Court of falsification arising from statements made on behalf of various pro bono clients at a Port Clinton, Ohio city council meeting. Petitioner was placed on probation, but was later arrested on a bench warrant for violating this probation. After being released on furlough to attend her September 26th and 27th bar complaint hearings, *State of Ohio v. Baumgartner*, No. OT-03-013, 2004 WL 1662193, at *1 (Ohio App. 6 Dist. July 23, 2004), Petitioner failed to return to jail. *Id.* She was indicted for "felony escape," arrested on an interstate warrant in Texas, and eventually incarcerated in Ohio until January 5, 2003, when she was released on her own recognizance after the court dismissed the escape charge. *Id.* On January 9, 2001, the state filed a new complaint charging appellant with misdemeanor escape. *Id.* After some delays, one of which was caused by appellant's hospitalization, appellant pled no contest to the charges on April 17th. *Id.* The court sentenced her to 180 days in jail. *Id.*

2

permanently disbarred Petitioner from practicing law before its court. *In the Matter of Attorney Disciplinary Proceedings Elsebeth Baumgartner*, Order No. 2003-58 (N.D. Ohio 2003). Petitioner appeals.

## II.

Admission to practice before a federal court is derivative of membership in a state bar; however, disbarment by the state does not result in automatic disbarment by the federal court. *In re Ruffalo*, 390 U.S. 544, 547 (1968). The federal district court considers whether the facts support the state court's determination of unprofessional conduct warranting disbarment and, thus, whether they warrant federal disbarment. *Id*. at 549. On appellate review, this Court may vacate the district court's order only if (1) the state proceeding was wanting in due process; (2) the proof in the state proceeding was so infirm "as to give rise to a clear conviction on our part that we could not consistently with our duty, accept the state court's conclusion as final"; or (3) our acceptance of the state's decision would, for some other grave reason, "conflict with the duty which rests upon the federal courts not to disbar except upon the conviction that, under the principles of right and justice, the court is constrained to do so." *In re O'Leary*, No. 94-3463, 1996 WL 137799, at **1 (6th Cir. 1996) (citing *In re Dawson*, 609 F.2d 1139, 1142 (5th Cir. 1980)) (quoting *Selling v. Radford*, 243 U.S. at 51. (1917)).

## III.

Petitioner argues that this Court should vacate the district court's order because her constitutional rights were violated. Specifically, she argues 1) that she was disbarred from practice in the United States District Court for the Northern District of Ohio without due process; and 2) that the district court did not protect her from retaliation for reporting judicial misconduct.

3

**A.**

Petitioner argues that she was not given sufficient due process. Specifically, she claims the order of disbarment was sent to an imaginary address and that District Court Judge Matia did not have a record on which to rely in issuing the order of disbarment because Judge David Katz, Chairman of the District Court Committee on Complaints and Compliance, conducted secret, unrecorded telephone proceedings. Petitioner also argues that Judge Katz scheduled a show cause hearing only after Petitioner sued him.[4]

There is no question but that Petitioner is entitled to due process. *See In re Ruffalo*, 390 U.S. at 550 (stating that because disbarment is a punishment or penalty imposed on the lawyer, he is entitled to procedural due process). Due process in a disbarment proceeding consists of notice and an opportunity to be heard. *Id.* (citing *Selling*, 243 U.S. at 51).

However, we find no lack of due process in the district court's disbarment proceedings. The district court gave Petitioner an opportunity to show cause why she should not be disbarred from the federal district court.[5] Although Petitioner claims the required notice was sent to an imaginary address, she provides this Court with no proof of this allegation. In any case, she never asked for an extension of time due to a notice deficiency. Petitioner claims she submitted hundreds of pages

---

[4]On September 18, 2003, Petitioner sued Judge Katz and thirty-nine others, including members of the Ohio Supreme Court, for judicial and/or public misconduct. *Baumgartner v. Moyer*, No. 03:03CV7597 (N.D. Ohio 2004).

[5]Although this Court has no documents to substantiate the district court's request, Judge Katz, in his order of disbarment, stated that "[f]ollowing an opportunity to show cause, and upon the recommendation of the Committee on Complaints and Policy Compliance, the Court orders Elsebeth Baumgartner . . . to be permanently disbarred[.] *In the Matter of Attorney Disciplinary Proceedings Elsebeth Baumgartner*, Order No. 2003-58.

of documents in support of her position that she should not be disbarred. Yet, she did not provide this Court with those documents or a summary of what they contained. Nor did she present any proof that the district court failed to consider the documents.

As to Petitioner's claims that Judge Katz scheduled the show cause hearing only after she filed suit against him, she provides no evidence linking the filing of a suit against Judge Katz with the failure of the Committee on Complaints and Policy Compliance to adequately consider her documentation. Neither does she furnish evidence linking the filing of that suit with Chief Judge Matia's denial of her due process rights. Absent such evidence, Petitioner's claims are simply unsupported assertions on which this Court is not required to act. Petitioner has failed to carry her burden of proof.

**B.**

Petitioner claims that the State of Ohio disbarred her in retaliation for her discovery of widespread fraud in the Ohio State government, in violation of her First Amendment rights. She further claims that in disbarring her from federal practice, the district court relied on this unconstitutional state disbarment. We disagree.

As an initial matter, the federal district court had no power to "protect" Petitioner from state disbarment. The State of Ohio has jurisdiction to disbar an attorney pursuant to the Ohio Constitution. OHIO CONST. ART. IV, § 2(A)(g); *see also Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718 (6th Cir. 1993). State disbarment cannot be upset by federal review. *See Theard v. United States*, 354 U.S. 278, 281 (1957) (state and federal judicial systems have autonomous control over the conduct of their officers, including lawyers).

Although Petitioner could have remained a member of the bar of the Northern District of

5

Ohio despite her state disbarment, Petitioner fails to meet her burden of proof. She offers no evidence to support her allegation that her disbarment from the State Bar of Ohio was in retaliation for speaking out against judicial misconduct. Absent this proof, we see no injustice in the district court's decision to disbar her. As to the district court's failure to protect Petitioner from retaliation by Judge Katz, Petitioner provides no evidence of such retaliation. Neither does she provide evidence that the Committee or Judge Matia were denied access to, or failed to impartially review, the evidence she submitted in her defense.

## IV.

For the foregoing reasons, this Court **AFFIRMS** the final order of the district court disbarring Petitioner from practice in the United States District Court for the Northern District of Ohio.