[848 NYS2d 372]

In the Matter of HECTOR M. ROMAN (Admitted as HECTOR MANUEL ROMAN, JR.), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 26, 2007

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Roman & Singh, LLP*, Jackson Heights (*Hector M. Roman*, pro se, of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In January 2005, the United States Court of Appeals for the Ninth Circuit issued an order to show cause to Olumide Obayemi, Esq., regarding his conduct in eight cases. Obayemi is a former associate of Roman & Singh, LLP, a law firm with offices in New York and California. Obayemi alleged that he was not responsible for six of the eight cases identified in the order to show cause and that the respondent, Hector M. Roman, the managing partner at Roman & Singh, LLP, ordered him to withdraw from all of the cases in May 2003, before the misconduct alleged in the January 2005 order to show cause occurred. Obayemi also testified that Roman told him that another attorney would substitute as counsel of record in the petitions for review.

Obayemi testified that Richard E. Oriakhi, as associate at Roman & Singh, LLP, and Jaspreet Singh, a partner at that firm, told him that they could obtain false declarations from the petitioners in two of the cases, offered Obayemi $100,000 to take the blame for the misconduct alleged in the January 2005 order to show cause, and threatened to harm him or his family and jeopardize his immigration status if he did not cooperate.

The Appellate Commissioner's report and recommendation stated:

> "The evidence at the Obayemi, Oriakhi, and Roman hearings supports the view that Obayemi took client case files belonging to Roman & Singh in the eight petitions for review and abandoned the clients by failing to prosecute the petitions. Oriakhi and Roman failed, however, to supervise Obayemi to ensure that he or another Roman & Singh attorney continued representing the clients and prosecuting the petitions. Furthermore, Oriakhi and Roman were unable to discover that Obayemi took client files and abandoned Roman & Singh's clients because the law firm's case management procedures were inadequate. A reasonable attorney would not store all information about a client's case in one physical location with no backup calendaring and case-tracking system.

"Oriakhi and Roman admitted that they were responsible for the clients who retained Roman & Singh. They also admitted that they did not pursue other means—such as contacting this court—to determine which clients Obayemi had represented and the status of their cases. Consequently, Oriakhi and Roman were unable to enter timely appearances in the eight petitions identified above. They were therefore unable to discharge their duty to represent their clients diligently, and their actions had the potential to cause harm to their clients, although no evidence shows that the clients were actually harmed."

The Commissioner found no evidence to support the most serious allegations: that Oriakhi and Roman interfered with and obstructed Obayemi in prosecuting petitions for review, that they forged briefs or prepared misleading documents in cases belonging to Obayemi, and that they offered inducements, or threatened Obayemi to force his cooperation in taking the blame for the allegations in the order to show cause. The Commissioner did find, however, evidence of negligent misconduct by Oriakhi and Roman caused primarily by their reliance on an inadequate case-management and calendaring system at Roman & Singh. As a result of their failure to supervise Obayemi and neglecting to have an adequate system in place to monitor his cases, Oriakhi and Roman failed to enter timely appearances in the petitions for review to protect their clients' interests and prosecute their petitions diligently. The Commissioner found that their violations of court rules and orders and other misconduct burdened the court by requiring research by court staff and action by a panel of judges, inconvenienced opposing counsel, and had a potentially adverse effect on the legal proceedings, although there was no evidence of actual injury.

The Commissioner recommended a monetary sanction in the sum of $1,000 against Roman and a suspension from the practice of law in the United States Court of Appeals for the Ninth Circuit for a period of six months, with reinstatement contingent upon, inter alia, a showing that he is in good standing before all courts in which he is admitted, with no disciplinary proceedings pending, and proof of completion of at least six credits of Continuing Legal Education certified by the State Bar of California in the areas of immigration law or federal appellate practice and an additional four hours in law office management.

The United States Court of Appeals for the Ninth Circuit accepted that recommendation.

In his affirmation, the respondent submits that the imposition of reciprocal discipline against him would be unjust. He notes that his practice is almost entirely in New York State. He has a thriving real estate and commercial transactions practice with concentrations in litigation, matrimonial and family law, criminal law, immigration, landlord/tenant law, and bankruptcy. He notes that he has never been suspended by any court or agency and has never had a grievance filed against him by any client or court other than the Ninth Circuit. While he concedes that matters were not handled perfectly, he emphasizes that corrective action was taken in every matter, and that no harm resulted to any clients. The respondent maintains that his office's handling of eight clients was impeded by a former associate who removed files from the office without authorization to do so.

According to the respondent, the duty violated in the Ninth Circuit was essentially missing briefing deadlines, which caused him to improperly prosecute cases. Those cases were handled out of the California office, but the respondent's name appeared as the attorney of record. He concedes that he erred in not properly supervising the work in the California office because he runs the New York office on a full-time basis. The respondent incorrectly assumed that deadlines were being met by his colleagues and he takes full responsibility. The respondent subsequently filed motions to reinstate the briefing schedules and all motions were granted. Thereafter, briefs were timely and properly filed and each and every case was adjudicated on the merits.

The respondent notes that he is the sole attorney in the firm's New York office.

The respondent has not requested a hearing with respect to the defenses raised. He instead requests a dismissal of the matter, or that a censure or warning letter be issued in lieu of a reciprocal suspension.

Based on the findings of the Appellate Commissioner for the United States Court of Appeals for the Ninth Circuit and the arguments advanced by the respondent, reciprocal discipline is imposed on the respondent and he is publicly censured based upon the discipline imposed by the United States Court of Appeals for the Ninth Circuit.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and RITTER, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Hector M. Roman, admitted as Hector Manuel Roman, Jr., is publicly censured for his professional misconduct.