[921 NYS2d 79]

In the Matter of HECTOR M. ROMAN (Admitted as HECTOR MAN-
UEL ROMAN, JR.), an Attorney, Respondent. GRIEVANCE COM-
MITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDI-
CIAL DISTRICTS, Petitioner.

Second Department, March 22, 2011

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Roman & Singh, LLP*, Jackson Heights (*Hector M. Roman*, pro se, of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The United States Court of Appeals for the Second Circuit (hereinafter the Second Circuit) by order filed April 6, 2010 (601 F3d 189 [2d Cir 2010]), suspended the respondent from the practice of law in that circuit for one month based on professional misconduct in that court, and reciprocally suspended the respondent for a period of six months based on the discipline imposed by the United States Court of Appeals for the Ninth Circuit (hereinafter the Ninth Circuit), for a total of seven months.

By order dated November 20, 2007, the Second Circuit referred the respondent to the Committee on Admissions and Grievances (hereinafter the CAG) for an investigation and a report. Since September 2005, the Second Circuit had dismissed at least 24 of the 71 petitions for review for which the respondent was counsel of record, based on his failure to comply with that court's scheduling orders. The order also noted that the respondent had submitted boilerplate motions in connection with these defaults, and where the respondent moved to reinstate the defaulted petitions, he "often relied on the same excuse for failing to comply with the applicable scheduling orders: that he had not received a copy of the scheduling order or had not received a response to his motion for an extension of time." The Second Circuit also expressed concern that the respondent had submitted deficient briefs to the court.

By order dated January 3, 2008, the Second Circuit publicly censured the respondent based on the opinion and order of this Court dated December 26, 2007. However, by order dated April 1, 2008, the Second Circuit vacated the January 3, 2008 order on the basis that its Local Rule 46 (f) did not provide for such a disposition. In that same order, the Second Circuit referred to the CAG the issue of whether the respondent should be reciprocally disciplined based on the Ninth Circuit's 2007 order. This

Court's decision and order dated December 26, 2007 (*see Matter of Roman*, 48 AD3d 25 [2007]) provides further details with respect to the Ninth Circuit's determination. In a separate order dated April 1, 2008, the Second Circuit asked the CAG to consider, in determining appropriate sanctions, the conduct referred in both referral orders.

Although the respondent waived a hearing, the CAG, nonetheless, conducted a hearing. The CAG issued a report and recommendation in January 2009.

With respect to defaults on scheduling orders, the CAG found that "the evidence demonstrates that Roman failed to comply with court scheduling orders, and failed to prosecute his clients' cases diligently." The respondent admitted wrongdoing in one case. As a result of law office failure, the case was dismissed and a motion to reinstate was denied. With regard to 16 of the 24 petitions that were dismissed for the respondent's failure to comply with the court's scheduling orders, the respondent asserted that he lost contact with the clients. The respondent did not file briefs in those cases, but neither did he withdraw from the case or stipulate to a dismissal. Consequently, he violated his obligation to either represent his clients or terminate the representation. Moreover, the respondent's conduct disrupted the court's proceedings and burdened the staff with additional work. In another seven cases, the respondent failed to file briefs in a timely manner for reasons outside of his control. Since the defaults and the commencement of disciplinary proceedings against him in the Ninth Circuit, the respondent had taken steps to improve his office management, including installing case management and calendaring software. In 2008, the respondent did not default in any of his cases and timely applied for extensions of time in all but one instance.

With regard to boilerplate motions, in a number of cases, the respondent submitted boilerplate motions for extensions of time and motions to reinstate, stating that he either had not received a copy of the scheduling order or had not received a response to a previous motion for an extension of time. According to the CAG, the respondent "either knew, or likely knew, that scheduling orders existed in those cases." For instance, in moving to reinstate one case, he argued that he never received the briefing schedule; yet, the court's docket sheet showed that he had moved for an extension of time, clearly indicating that the respondent was in fact aware of the briefing schedule.

At the hearing before the CAG, the respondent admitted that he did not personally prepare the misleading motions to rein-

state. His partner, Mr. Singh, and/or his secretary prepared them and signed the respondent's initials to the motions because the respondent was admitted in the Second and Ninth Circuits, whereas Mr. Singh was not. Mr. Singh would handle the immigration cases, but the respondent was officially the counsel of record. The respondent was unaware of the actual progress of these cases. According to the respondent, Mr. Singh is now admitted in the Ninth Circuit and handles all the cases before that court. The respondent continues to handle all the Second Circuit cases, and since 2007, has personally overseen the day-to-day management and filing in those cases. The respondent no longer permits Mr. Singh to file documents before the Second Circuit under the respondent's name.

The CAG found that the respondent's

> "conduct, in allowing motions to be filed before the court that (1) misrepresented that he served as counsel in those cases and had approved such submissions, and (2) were misleading with regard to the reasons for moving to reinstate and/or requesting an extension of time, was in clear violation of [Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])] . . . Moreover, to the extent that the respondent was responsible for supervising Mr. Singh's handling of cases for which he was counsel of record, he should have taken reasonable efforts to ensure that Mr. Singh's representations to the Court were accurate and did not violate any disciplinary rules [Code of Professional Responsibility DR 1-104 (b), (c) and (d) (22 NYCRR 1200.5 [b], [c], [d])]:"

Regarding use of nonrefundable fee retainer agreements, the CAG found that the respondent had engaged in sanctionable conduct since nonrefundable retainer agreements constitute a per se violation of Code of Professional Responsibility DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3]).

The CAG reviewed all of the briefs cited in the referral order, and found that the respondent had filed defective briefs in at least three cases in 2006 and 2007. In one case, he failed to address the central issues, and in a second case, he recycled boilerplate language from other briefs. In a third case, he failed to address the extensive and detailed concerns raised in an immigration judge's decision. The outcome in the latter case suggests that the petitioner in that case may have been significantly prejudiced by this omission.

At the hearing before the CAG, the respondent testified that he had not personally prepared the briefs in question. They were drafted by Mr. Singh or his assistant. The respondent testified that he now personally handles all of the Second Circuit cases for which he is counsel of record. The CAG reviewed a sampling of his briefs in 2008 and found significant improvement. Nonetheless, the CAG found that the respondent was responsible for his failure to properly supervise the work of the attorneys in his office with regard to the preparation and filing of deficient briefs, citing Code of Professional Responsibility DR 1-104 (b) and (c) (22 NYCRR 1200.5 [b], [c]).

The CAG noted both aggravating factors, e.g., prior disciplinary sanctions by the Ninth Circuit for failure to comply with that court's scheduling orders, a pattern of dilatory conduct, multiplicity of offenses, filing of deficient briefs in multiple cases, and vulnerability of the respondent's clients, as well as mitigating factors, e.g., good faith effort to rectify the consequences of his mistakes, remorse, cooperation with the CAG, and the absence of a dishonest or selfish motive. The CAG noted also that "although [the respondent] may not have intended to neglect his clients, it was [his] decision to greatly increase his caseload without making adequate provision to protect his clients from the risks inherent in an over-stretched practice."

With respect to the imposition of discipline, the CAG found that reciprocal discipline was warranted under Rules of the United States Court of Appeals, Second Circuit, Local Rule 46 (f) on the basis of the order of suspension issued by the Ninth Circuit, citing *Selling v Radford* (243 US 46, 50-51 [1917]). The CAG also found that the respondent's conduct before the Second Circuit warranted discipline.

The CAG recommended that respondent be suspended from the practice of law before the Second Circuit on the basis of both (1) reciprocal discipline for his suspension from the Ninth Circuit, and (2) his conduct before the Second Circuit, each to operate as independent grounds for his suspension.

By order filed April 6, 2010, the Second Circuit adopted the CAG's findings, publicly reprimanded the respondent, reciprocally suspended him for a six-month period based on the prior suspension imposed by the Ninth Circuit, and suspended him for an additional one-month period based on his misconduct before the Second Circuit.

The Second Circuit concluded that the respondent's misconduct before that court warranted a suspension, separate and

apart from the respondent's misconduct before the Ninth Circuit. The Second Circuit acknowledged that his misconduct before it "stemmed from the same set of facts and circumstances which led to the original suspension"; however, several instances of his misconduct postdated a November 2005 order to show cause of the Ninth Circuit, which the Second Circuit found to be an aggravating factor.

The respondent submits that imposition of reciprocal discipline by this Court, in the form of a suspension, would be unjust (*see* 22 NYCRR 691.3 [c] [3]).

The respondent has not demanded a hearing, but he has requested either the dismissal of the matter, the imposition of a censure, or the issuance of a warning letter.

Based on the findings of the CAG and the Second Circuit's 2010 order adopting those findings, and the arguments advanced by the respondent, the respondent is suspended from the practice of law for a period of six months based upon the discipline imposed by the Second Circuit for his professional misconduct committed in that court.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Hector M. Roman, admitted as Hector Manuel Roman, Jr., is suspended for six months commencing April 22, 2011, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement one month prior to the expiration of said period, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (c) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) that the has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Hector M. Roman, admitted as Hector Manuel Roman, Jr., shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Hector M. Roman, admitted as Hector Manuel Roman, Jr., shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Hector M. Roman, admitted as Hector Manuel Roman, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).